HOPKINS, J.T.C.
This appeal is from a determination of the defendant (Director) that additional taxes were due from plaintiffs (taxpayers) pursuant to the New Jersey Gross Income Tax Act, N.J.S.A. 54A: 1-1 et seq. Taxpayers filed a joint return under the New Jersey Gross Income Tax Act for the 1978 tax year whereon they reported income from Keystone-Garrett Properties, a partnership which was engaged in oil and gas production. In reporting that partnership income, plaintiffs reduced the amount received by a total of $50,536.83, which they attributed to depletion expense. This deduction was consistent with the manner in which they prepared their federal income tax return for 1978.
Director’s position is that depletion is not an allowable expense in computing partnership income for purposes of the New Jersey gross income tax. Accordingly, Director increased taxpayers’ gross income by the amount of the depletion deduction. ,
Pursuant to interrogatories served upon the taxpayers, they have advised that the claimed oil and gas depletion expense was percentage depletion computed pursuant to § 613 of the Internal Revenue Code. However, when Director moved for more complete answers to interrogatories directed to the basic information upon which the depletion was computed, taxpayers advised that as of that time they were unable to obtain the *387 basic information. In view of Director’s position that depletion is not an allowable expense, a motion for summary judgment was made and that matter is presently before me. Further, taxpayers filed a crossmotion for summary judgment claiming that depletion, including percentage depletion, is a proper partnership expense for the purpose of computing the New Jersey gross income tax.
As taxpayers’ motion would still leave open the question of substantiation of the depletion computation, their motion is denied. However, defendant’s motion, being a question of law, will be considered.
The New Jersey Gross Income Tax Act provides for the imposition of a tax at specified rates upon the New Jersey gross income of individuals subject to certain clearly defined deductions and limitations. N.J.S.A. 54A: 2-1. Under N.J.S.A. 54A: 5-1(k), New Jersey gross income includes as a category of gross income the “[djistributive share of partnership income.” Director has promulgated rules and regulations concerning the determination of distributive shares of partnership income. N.J.A.C. 18:35-1.14.
N.J.A.C. 18:35-1.14(c) 2 and 3 detail the principles under which partnership income shall be determined. It reads as follows:
2. Net income of a partnership shall be determined and reported on the basis of accepted accounting principles and practices after provision for all cost and expenses incurred in the conduct thereof. No deduction from gross income shall be allowed for:
i. Taxes based on income;
ii. Expenses unrelated to the production of taxable income.
3. Each partner’s share of partnership income shall be determined in the same manner as for federal income tax purposes and modified as required under the New Jersey Gross Income Tax Act to include income items such as interest income which is subject to tax in New Jersey, and to exclude income or loss items such as:
i. Interest income which is not subject to tax in New Jersey; and
ii. Gain or loss from the sale, exchange or other disposition of property which was reportable for federal income tax purposes but is not subject to tax for New Jersey Gross Income tax purposes; for example, the sale of federal obligations.
*388 It must first be determined whether depletion is a cost or expense in arriving at net income of a partnership under accepted accounting principles and practices.
Depletion has been defined as the using-up process in natural resources; a sacrifice or expense of producing earnings. Thacker, Accounting Principles, 372 (1976). That publication further provides that:
When a firm acquires natural resources, such as mining properties and oil ■interests, the accounting treatment is much the same as with other plant and equipment. The total initial cost is reported on the balance sheet as a noncurrent asset. The periodic usage of the asset is referred to as depletion, rather than as depreciation as in regular plant and equipment resources. The depletion is customarily computed on the basis of output or production. For example, assume a firm paid $1,000,000 for mining rights. The purchase is expected to produce 2,000,000 tons of ore during the life of the resource. During the first year, 135,000 tons of ore were produced. The depletion rate is 50 cents per ton ($1,000,000 divided by 2,000,000 tons), and therefore the depletion expense for the first year is $67,500, or 50 cents times 135,000 tons, [at 369-370]
“Financial Accounting and Reporting by Oil and Gas Producing Companies”, The Financial Accounting and Standards Board Statement No. 19 (1977), provides that after oil or gas production begins, the capitalized acquisition, expiration and development costs are amortized by the unit-of-production method and become an element of the cost of the oil and gas produced. This is consistent with I.R.C. § 612, and Treas. Reg. § 1.612-1 which provide that in computing cost depletion for federal income tax purposes, the unrecovered basis in property shall be allocated between the part sold and the part retained.
The above definition and accounting treatment of depletion show that depletion, on the basis of accepted accounting principles and practices, is properly considered a cost or expense in the production and sale of mineral items.
Director contends, however, that under N.J.S.A. 54A:5-l(k), New Jersey gross income includes as a category of gross income the “[distributive share of partnership income.” Further, it is argued that N.J.A.C. 18:35-1.14(c)3, provides that a partner’s share of partnership income shall be determined in *389 the same manner as for federal income tax purposes and that pursuant to I.R.C. § 703(a)(2)(f), a partnership is not allowed a deduction for depletion with respect to oil and gas wells. Director, relying on the above as well as federal partnership income tax forms which show a partner’s federal tax distributive share of partnership income without deducting depletion expenses, contends that such depletion expenses are not deductible in computing distributable partnership income for New Jersey gross income tax purposes.
The unusual treatment of depletion expenses in computing distributable partnership income for federal income tax purposes commenced in 1975 when the Internal Revenue Code was amended by the Tax Reduction Act of 1975, Pub.L. No. 94-12, § 501(b)(3), 89 Stat. 53 (1975), which added the provision now designated as § 703(a)(2)(F). That amendment provided that effective January 1, 1975, the deduction for depletion under I.R.C. § 611 with respect to oil and gas wells would not be allowed to a partnership. That amendment was made necessary since changes in the Internal Revenue Code had restricted the allowance of percentage depletion to certain categories of taxpayers as well as set a maximum limitation on the allowance of depletion as a percentage of the taxpayer’s gross income or income from the property. I.R.C. §§ 613(a), 613A(d)(l). That change in the law required the partner to maintain its own records with respect to both the basis of partnership property and as to the amount of depletion which it was permitted to deduct on its federal tax return. I.R.C. § 613A(c)(7)(D). That change, while requiring each partner to compute its own depletion deduction, did not disallow the deduction for the purpose of computing the partners taxable income. It merely transferred the computation from the partnership to the partner. Such transfer of the computation for Internal Revenue Code purposes cannot overcome the recognized accounting concept that an amount attributed to depletion is a return of capital and not income. Where that depletion is attributable to income realized by a partnership, it is a cost in the production of the partnership income.
*390 Further, with respect to Director’s reliance on N.J.A.C. 18:35-1.14(c)3, that provision authorizes modifications to the partners’ federal partnership income where required under the New Jersey Gross Income Tax Act. As examples, but not restricted to such situations, those modifications require the inclusion of interest income which is exempt under federal law but subject to tax in New Jersey and the exclusion of interest income which is subject to federal income tax and not subject to New Jersey tax. The peculiarities of the federal tax laws in treating depletion expense for partnership purposes, particularly when such expense is deducted in computing partnership income under accepted accounting principles and practices, requires that N.J.A.C. 18:35-1.14(c)3 be construed to permit the modification of partnership income for federal tax purposes to reflect the depletion expense attributable to that income. In this manner both N.J.A.C. 18:35-1.14(c)2 and 3 maintain their intended symmetry.
Concluding that depletion expenses are properly deductible by a partner subject to New Jersey gross income tax, the remaining question is whether percentage depletion computed in the manner prescribed by I.R.C. § 613 is a permitted deduction for New Jersey tax.
The cost-recovery depletion permitted by the Internal Revenue Code reflects a recovery of the value of a wasting asset. Percentage depletion, on the other hand, has no relationship to the recovery of an investment. As stated in Commissioner v. Southwest Explor. Co., 350 U.S. 308, 76 S.Ct. 395, 100 L.Ed. 347 (1956), “[t]he present allowance, however, bears little relationship to the capital investment, and the taxpayer is not limited to recoupment of his original investment. The allowance continues so long as minerals are extracted and even though no money was actually invested in the deposit.” At 312, 76 S.Ct. at 397.
More recently, in United States v. Swank, 451 U.S. 571, 101 S.Ct. 1931, 68 L.Ed.2d 454 (1981) the court stated that the percentage depletion allowance:
*391 —[I]s clearly more than a method of enabling the operator of a coal mine to recover the amount he has paid for the unmined coal. Because the deduction is computed as a percentage of his gross income from the mining operation and is not computed with reference to the operator’s investment, it provides a special incentive for engaging in this line of business that goes well beyond a purpose of merely allowing the owner of a wasting asset to recoup the capital invested in that asset, [at 576, 101 S.Ct. at 1935]
The above shows that percentage depletion, to the extent that it exceeds cost depletion, is a federal subsidy to those realizing taxable income from the production and sale of minerals. N.J.A.C. 18:35-1.14(c)2 ii specifically precludes a deduction from partnership gross income of any expense unrelated to the production to taxable income. Since percentage depletion, to the extent it exceeds cost depletion, is not attributable to the production of income for purposes of the New Jersey gross income tax, it is not deductible in computing New Jersey taxable income.
Since the amount claimed by the taxpayers as a deduction in computing their partnership income for 1978 was predicated upon percentage depletion, it cannot be allowed. However, plaintiffs may be entitled to a deduction for cost depletion. The parties will submit an agreed computation pursuant to #.8:9-3.